UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GWEN SAGER, EXECUTRIX OF THE<br>ESTATE OF MARILEE SAGER,<br>    Plaintiff,<br><br>v.<br><br>SUNBRIDGE HEALTHCARE<br>CORPORATION D/B/A<br>    Defendant | )<br>)<br>)<br>)<br>)<br><br>)<br>)<br>) |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT, 28 U.S.C. 1441(a)

Defendant Sunbridge Healthcare Corporation, pursuant to 28 U.S.C. § 1446, hereby files this Notice of Removal to the United States District Court for the District of Connecticut of the civil action now pending in the New Haven Judicial District of the Connecticut Superior Court. The Defendant states as follows:

1.     Sunbridge Healthcare Corporation is a Defendant in a civil action brought by the Plaintiff, Gwen Sager, Executrix of the Estate of Marilee Sager, in the Judicial District of New Haven of the Connecticut Superior Court. *See Complaint and Summons, attached as Exhibit 1.*[1] Plaintiff commenced this action by service of process upon Defendant on July 21, 2010. *See Return of Service, attached as Exhibit 2.* The action has yet to be filed in court.

2.     In her complaint, the Plaintiff brings a negligence claim alleging that, as a result of the negligent care and treatment of the Defendant, the decedent suffered severe, painful, and permanent injuries, and ultimately died on April 26, 2008.

3.     Federal diversity jurisdiction is proper because there is complete diversity of the parties and the amount of controversy is likely to exceed $75,000.

---

[1] No other pleadings have been filed in this action.

1

1284794v1

4.      The Plaintiff is a resident of Hamden, Connecticut. The Defendant is a

corporation incorporated in New Mexico and with a principal place of business at 101

Sun Avenue NE, Albuquerque, New Mexico, 87109. *See Sunbridge Healthcare*

*Corporation Corporate Information, attached as Exhibit 3.*[2]

5.      A copy of this Notice of Removal will be filed with the New Haven Judicial

District of the Connecticut Superior Court pursuant to 28 U.S.C. § 1446(d).

6.      Pursuant to the District of Connecticut Standing Order on Removed Cases, a

Statement Regarding Removal and Notice of Pending Motions is attached.

        WHEREFORE, Defendant Sunbridge Healthcare Corporation requests that the

above action now pending in the New Haven Judicial District of the Connecticut Superior

Court be removed from that Court to this United States District Court.

                          THE DEFENDANT,
                          SUNBRIDGE HEALTHCARE
                          CORPORATION
                          By its attorney,


                          _____
                          Corey M. Dennis
                          Federal Bar No. ct28166
                          MORRISON MAHONEY LLP
                          250 Summer Street
                          Boston, MA 02210
                          (617) 439-7500 (T)
                          (617) 439-7590 (F)
                          cdennis@morrisonmahoney.com

Date: 8/9/10

---

[2] Plaintiff has sued the incorrect defendant. The correct defendant in this matter is Harborside
Connecticut Limited Partnership d/b/a Arden House. The citizenship of Harborside Connecticut
Limited Partnership, which is incorporated in Massachusetts and has a principal place of business
in Massachusetts, is also diverse from the Plaintiff. *See Harborside Connecticut Limited*
*Partnership Corporate Information, attached as Exhibit 4.*

1284794v1

## CERTIFICATE OF SERVICE

I, Corey M. Dennis, do hereby certify that I have this day served the foregoing **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT, 28 U.S.C. 1441(a),** to all counsel of record in this action by mailing the same, postage prepaid to:

Bruce D. Jacobs, Esq.
Jacobs & Jacobs
700 State Street, Third Floor
New Haven, CT 06511
(203) 777-2300

Date: _8/9/10_                    Attorney: _____

# EXHIBIT 1

**SUMMONS - CIVIL**
JD-CV-1  Rev. 10-09
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 235 Church Street, New Haven, CT 06510 | ( 203 ) 503-6800 | August Month | 24, Day | 2010 Year |

| ☒ Judicial District | ☐ G.A. | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | ☐ Number: | New Haven | Major: T | Minor: 28 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Bruce D. Jacobs, Jacobs & Jacobs, 700 State Street, New Haven, CT 06511 | 29014 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 203 ) 777-2300 | |

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, If not USA)* | |
|---|---|---|
| First Plaintiff | Name: Gwen Sager, Executrix of the Estate of Marilee Sager<br>Address: 105 Piper Road, Hamden, CT 06514 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: SunBridge Healthcare Corporation, d/b/a<br>Address: Agent for Service: Corporation Service Company, 50 Weston Street, Hartford, CT 06120-1537 | D-50 |
| Additional Defendant | Name:<br>Address: | D-51 |
| Additional Defendant | Name:<br>Address: | D-52 |
| Additional Defendant | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions. ✓

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left | Date signed 7/20/10 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | | For Court Use Only | |
|---|---|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | | File Date | |

ATTEST: A TRUE COPY
PETER J. PRIVITERA
CT STATE MARSHAL
HARTFORD COUNTY

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 | | |
|---|---|---|
| Susan M. Guckert, 700 State Street, New Haven, CT 06511 | | |

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Date 7/20/10 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

)                                )

JACOBS & JACOBS  •  ATTORNEYS AT LAW
700 STATE STREET  •  THIRD FLOOR  •  NEW HAVEN, CT 06511
(203) 777-2300  •  JURIS NO. 20014

| | | |
|---|---|---|
| RETURN DATE: AUGUST 24, 2010 | : | SUPERIOR COURT |
| GWEN SAGER, EXECUTRIX | | |
| OF THE ESTATE OF MARILEE SAGER | : | |
| | | JUDICIAL DISTRICT OF |
| VS. | : | NEW HAVEN |
| | : | AT NEW HAVEN |
| SUNBRIDGE HEALTHCARE CORPORATION, d/b/a | : | JULY 20, 2010 |

**COMPLAINT**

1.     At all times relevant to this action, the defendant, SunBridge Healthcare Corporation, was a New Mexico corporation which operated Arden House Care and Rehabilitation Center, f/k/a/ Harborside Healthcare – Arden House, in Hamden, Connecticut (hereinafter Arden House), a chronic and convalescent nursing home licensed by the State of Connecticut which held itself out to the public as a for-profit provider of twenty-four hour skilled nursing care and medical supervision of patients and patients requiring rehabilitation through its members, servants, employees and actual and/or apparent agents.

2.     Prior to March 13, 2008, following a fall at home, plaintiff's decedent, Marilee Sager, received care and treatment at the Hospital of Saint Raphael, and was admitted there with dizziness, mild urinary tract infection, chronic low back and abdominal pain, and medication management and was discharged to Arden House on March 13, 2008 for short term rehabilitation.

JACOBS & JACOBS • ATTORNEYS AT LAW
700 STATE STREET • THIRD FLOOR • NEW HAVEN, CT 06511
(203) 777-2300 • JURIS NO. 29014

3.    Between March 13, 2008 and April 22, 2008, plaintiff's decedent, Marilee Sager, was a resident at Arden House.

4.    Plaintiff's decedent was a brittle diabetic, on a sliding scale of insulin, which required close monitoring of her blood glucose levels and had a history of dehydration, renal insufficiency, and congestive heart failure.

5.    On April 1, 2008, while a resident at Arden House, plaintiff's decedent was taken by her daughter for an appointment with her cardiologist, John Chandler, M.D., on which the Arden House "Consultation Sheet", which accompanied plaintiff's decedent to the appointment, recorded her weight as 120 pounds on March 14, 27, and 31, 2008.

6.    On April 1, 2008, Dr. Chandler documented his examination of plaintiff's decedent on the "Consultation Sheet" provided to him by Arden House, indicating his plan to adjust the dose of plaintiff's decedent's diuretic medication, Lasix, to 80 mg, twice daily, and his plan for a follow-up evaluation of plaintiff's decedent in one week.

7.    On April 3, 2008, a telephone order from Dr. Chandler's office was taken by an Arden House employee, for Lipitor and for Lasix 80 mg, orally, twice daily and that plaintiff's decedent was to be seen by Dr. Chandler in one week.

8.    Plaintiff's decedent was unable to attend the scheduled one-week follow-up appointment with Dr. Chandler due to the failure of the Arden House staff to complete the paperwork necessary for said appointment.

9.    Plaintiff's decedent remained on Lasix, 80 mg, twice daily from April 3, 2008 through April 17, 2008, at which time Lasix was discontinued.

10.     On or about April 7, 2008, plaintiff's decedent was weighed and had lost 14 pounds since her admission weight.

11.     On or about April 7, 2008, a certified nurse's aide reported to nursing that plaintiff's decedent fell in her room, resulting in four skin tears, a bump to the left knee and later that day, plaintiff's decedent reported right hand pain.

12.     On April 10, 2008, plaintiff's decedent required pain medication for complaints of right arm discomfort.

13.     On or about April 13, 2008, plaintiff's decedent began experiencing intermittent nausea and vomiting

14.     On April 14, 2008, plaintiff's decedent received her monthly examination by a physician who was an actual and/or apparent agent of Arden House, who did not document an assessment of her right arm and wrongly documented that her medications included Lasix, 20 mg, every day and that her weight was stable at 120lbs.

15.     By April 17, 2008, plaintiff's decedent had complained of right shoulder pain since her fall on April 7, 2008 and her shoulder was examined by a physician who was an actual and/or apparent agent of Arden House, who ordered an x-ray which identified a moderate dislocation of a previous right shoulder fracture.

16.     On or about April 18, 2008, extensive purpura was identified on plaintiff's decedent with a fever of 100.2, hypotension, constipation and nausea for which lab work was ordered.

17.     On April 21, 2008, the record indicates that plaintiff's decedent gained 3lbs, of which the physician was made aware and reinitiated the medication Lasix at 40 mg, orally, every day.

JACOBS & JACOBS  •  ATTORNEYS AT LAW
700 STATE STREET  •  THIRD FLOOR  •  NEW HAVEN, CT 06511
(203) 777-2300  •  JURIS NO. 29014

18.     Plaintiff's decedent remained nauseated with complaints of dry mouth, dizziness, low intake, hypoactive bowel sounds, vomiting, and abdominal discomfort through April 22, 2008 at which time she became lethargic and an abdominal ultrasound identified ascites and bilateral pleural effusion, for which she was transferred to the Hospital of Saint Raphael emergency department for evaluation.

19.     At the Hospital of Saint Raphael, plaintiff's decedent, Marilee Sager, was admitted secondary to clinical dehydration, enlarged liver with abnormal liver function studies, acute and chronic renal insufficiency, abnormal clotting studies, and congestive heart failure and she died on April 26, 2008.

20.     The care and treatment rendered to plaintiff's decedent, Marilee Sager, by the defendant, SunBridge Healthcare Corporation, through its agents, servants, employees and/or actual and/or apparent agents of Arden House, fell below the standard of care, in one or more of the following respects, in that they:

    a.  failed to adequately and timely prevent, assess, plan, implement and evaluate the nursing needs and care of a patient with fluid and electrolyte imbalance and known prior risk of dehydration;

    b.  failed to adequately and timely develop, implement, evaluate and revise the nursing care plan to effectively reflect the comprehensive needs and standard interventions required to care for plaintiff's decedent;

-4-

JACOBS & JACOBS • ATTORNEYS AT LAW
700 STATE STREET • THIRD FLOOR • NEW HAVEN, CT 06511
(203) 777-2300 • JURIS NO. 29014

JACOBS & JACOBS • ATTORNEYS AT LAW
700 STATE STREET • THIRD FLOOR • NEW HAVEN, CT 06511
(203) 777-2300 • JURIS NO. 29014

c.  failed to adequately and appropriately document a detailed  baseline nursing assessment of plaintiff's decedent upon her admission to Arden House.

d.  failed to appropriately and accurately evaluate, monitor and document measurable assessments of plaintiff's decedent's lower leg edema;

e.  failed to appropriately and timely document and communicate plaintiff's decedent's accurate hydration status to the physician when hydration goals were and remained unmet;

f.  failed to appropriately report the patient's hypotension, dizziness and continued weight loss to the physician;

g.  failed to appropriately and adequately assess and document plaintiff's decedent's vital signs, neurological signs, complaints of hand pain, the nature and details of her fall, whereby she had sustained multiple skin tears, a 14 pound weight loss, and increased confusion on or near April 7, 2010;

h.  failed to adequately and timely identify and physically assess plaintiff's decedent's right arm and shoulder after the fall on April 7, 2008, in spite of continuous complaints of right upper extremity pain which resulted in nearly two week delay before it was determined that her shoulder was displaced;

i.  failed to appropriately and timely evaluate, change and reassess the nursing care plan to reflect the changing clinical status and nursing care needs of plaintiff's decedent;

-5-

JACOBS & JACOBS • ATTORNEYS AT LAW
700 STATE STREET • THIRD FLOOR • NEW HAVEN, CT 06511
(203) 777-2300 • JURIS NO 29014

j.  failed to timely and appropriately inform the physician of plaintiff's decedent's accurate weight loss, ultimately resulting in about a 19 pound weight loss in 30-days;

k.  failed to appropriately and timely review plaintiff's decedent's lab work to stay informed of her renal status and timely recognize and intervene in her progressive renal insufficiency;

l.  failed to appropriately obtain a physician's order to hold the medication Lasix from plaintiff's decedent on or near April 16, 2010;

m.  failed to appropriately identify, assess, intervene in, adequately monitor and report plaintiff's decedent's signs and symptoms of progressive dehydration;

n.  failed to adequately and timely investigate the nature and cause of plaintiff's decedent's nausea and vomiting;

o.  failed to take the necessary measures to ensure that plaintiff's decedent was able to keep her scheduled one-week follow-up appointment with Dr. Chandler;

p.  failed to re-schedule an appointment with Dr. Chandler after the missed appointment; and

q.  failed to communicate with Dr. Chandler concerning plaintiff's decedent's diuresis and hydration status.

21.  As a result of the defendant's negligence, plaintiff's decedent, Marilee Sager, was caused to suffer severe, painful and permanent injuries.  She suffered weeks of progressive

dehydration, severe weight loss, prolonged nausea, vomiting and abdominal discomfort, progressive lethargy and inadequate nutrition. Additionally, plaintiff's decedent suffered a fall and resultant painful displacement of her right shoulder, which went undiagnosed. As a result of this deterioration, caused by the negligence of the defendant, Marilee Sager died on April 26, 2008.

22. As a further result of said injuries, plaintiff's decedent has incurred expenses for medical and hospital treatment, medicines, x-rays and other diagnostic studies, medical apparatus and therapies. As a result of these injuries Marilee Sager and her estate were obliged to incur expenses for medical, hospital and surgical treatment, medicines, x-rays, other therapies, funeral and burial.

23. As a further result of said injuries, Marilee Sager has suffered a total loss of her ability to carry out and enjoy the activities of daily life and the enjoyment of her family, as well as the loss of the right to die on her own terms.

24. On May 28, 2008, plaintiff's decedent, Gwen Sager, was appointed Executrix of the Estate of Marilee Sager by the Probate Court for the District of Hamden, Connecticut, and is duly qualified as such and continues to act as such.

25. A Petition for Extension of Time of the Statute of Limitations, which is attached, was filed with the Superior Court and granted on April 20, 2010.

JACOBS & JACOBS • ATTORNEYS AT LAW
700 STATE STREET • THIRD FLOOR • NEW HAVEN, CT 06511
(203) 777-2300 • JURIS NO. 29014

WHEREFORE, plaintiff's decedents claim money damages.

THE PLAINTIFF'

BY: _____

Bruce D. Jacobs
JACOBS & JACOBS
Her Attorneys

ATTEST:
A TRUE COPY

PETER J. PRIVITERA
CT STATE MARSHAL
HARTFORD COUNTY

JACOBS & JACOBS  •  ATTORNEYS AT LAW
700 STATE STREET  •  THIRD FLOOR  •  NEW HAVEN, CT 06511
(203) 777-2300  •  JURIS NO. 29014

-8-

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand, exclusive of costs and interest, is not less than FIFTEEN THOUSAND ($15,000.00) DOLLARS.

THE PLAINTIFF

By: _____

Bruce D. Jacobs
JACOBS & JACOBS
Her Attorneys

ATTEST:
A TRUE COPY

PETER J. PRIVITERA
CT STATE MARSHAL
HARTFORD COUNTY

JACOBS & JACOBS  •  ATTORNEYS AT LAW
700 STATE STREET  •  THIRD FLOOR  •  NEW HAVEN, CT 06511
(203) 777-2300  •  JURIS NO. 29014

-9-

## CERTIFICATE OF GOOD FAITH

July 20, 2010

Pursuant to Connecticut General Statutes 52-190a, I hereby certify that, prior to the filing of the Complaint in this action, I made a reasonable inquiry, as permitted by the circumstances, to determine whether there were grounds for a good faith belief that there was negligence in the care or treatment of the claimant. Pursuant to the attached written and signed opinion of a similar health care provider, this inquiry has given rise to a good faith belief on my part, that grounds exist for an action against of the named defendants.

THE PLAINTIFF

By: _____
Bruce D. Jacobs

ATTEST:
A TRUE COPY
_____
PETER J. PRIVITERA
CT STATE MARSHAL
HARTFORD COUNTY

JACOBS & JACOBS  •  ATTORNEYS AT LAW
700 STATE STREET  •  THIRD FLOOR  •  NEW HAVEN, CT 06511
(203) 777-2300  •  JURIS NO. 29014

-10-

| | | |
|---|---|---|
| GWEN SAGER, ADMINISTRATRIX | : | SUPERIOR COURT |
| OF THE ESTATE OF MARILEE SAGER | | |
| | : | JUDICIAL DISTRICT OF |
| VS. | | NEW HAVEN |
| | | |
| HARBORSIDE HEALTHCARE CORPORATION, | : | |
| HARBORSIDE CONNECTICUT LIMITED PARTNERSHIP, | | AT NEW HAVEN |
| SUNBRIDGE HEALTHCARE CORPORATION, | : | |
| ARDEN HOUSE CARE AND REHABILITATION CENTER, | | |
| ANN R. DATUNASHVILI, M.D. and | : | |
| YALE NEW HAVEN GERIATRIC SERVICES, P.C. | | APRIL 20, 2010 |

**PETITION FOR EXTENSION OF TIME OF THE STATUTE OF LIMITATIONS**

 Pursuant to Section 52-190a(b) of the Connecticut General Statutes, Gwen Sager, Administratrix of the Estate of Marilee Sager, respectfully petitions this Court for a ninety (90) day extension on the Statute of Limitations. This extension is necessary in order to permit the petitioner's counsel to make a reasonable inquiry to determine whether the treatment rendered to Marilee Sager was negligent, who provided treatment to Mrs. Sager and to comply with the Certificate of Good Faith, as required by Section 52-190a of the Connecticut General Statutes.

 This matter concerns medical care and treatment rendered to Marilee Sager on or about April 03, 2008 and for a period of time subsequent to this date. Said treatment was provided by Harborside Healthcare Corporation, Harborside Connecticut Limited Partnership, Sunbridge Healthcare Corporation, Arden House Care and Rehabilitation Center, Ann R. Datunashvili, M.D. and Yale New Haven Geriatric Services, P.C. However, despite the timing of the treatment, it is not conceded that the existence of a claim would have

Judicial District of New Haven<br>
SUPERIOR COURT<br>
FILED<br>
APR 2 0 2010<br>
<br>
CHIEF CLERK'S OFFICE

JACOBS & JACOBS • ATTORNEYS AT LAW
700 STATE STREET • THIRD FLOOR • NEW HAVEN, CT 06511
(203) 777-2300 • JURIS NO. 29014

been discoverable prior to April 22, 2008, when Marilee Sager was admitted to the Hospital of Saint Raphael severely dehydrated and in acute renal failure and died on April 26, 2008.

Therefore, the petitioner submits this petition to extend the Statute of Limitations for an additional ninety (90) days.

THE PETITIONER

By:_____

Bruce D. Jacobs
JACOBS & JACOBS
Her Attorneys

ATTEST:
A TRUE COPY

PETER J. PRIVITERA
CT STATE MARSHAL
HARTFORD COUNTY

JACOBS & JACOBS   •   ATTORNEYS AT LAW
700 STATE STREET   •   THIRD FLOOR   •   NEW HAVEN, CT 06511
(203) 777-2300   •   JURIS NO. 29014

-2-

**ORDER** April 20, 2010

The foregoing Petition, having come before me, it is hereby granted.

BY THE COURT

Chief Clerk

ATTEST:
A TRUE COPY
PETER J. PRIVITERA
CT STATE MARSHAL
HARTFORD COUNTY

JACOBS & JACOBS • ATTORNEYS AT LAW
700 STATE STREET • THIRD FLOOR • NEW HAVEN, CT 06511
(203) 777-2300 • JURIS NO. 29014

-3-

Bruce Jacobs, Esq.
Jacobs & Jacobs

700 State Street
New Haven, CT 06511

Re:    Marilee Sager

        *This Document is Confidential Attorney Work Product Pursuant to CGS CGS 52-190a(b)*

### CERTIFICATE OF GOOD FAITH

Dear Attorney Jacobs,

        I have reviewed the medical records of Marilee Sager related to the nursing care and treatment she received while she was a resident at the Arden House Care and Rehabilitation Center, from March 14, 2008 through April 22, 2008. I have also reviewed select admission documentation and the discharge summary of Mrs. Sager's subsequent care at the Hospital of Saint Raphaels beginning on April 22, 2008.

        Based on my review of the facts and the Arden House medical records, it is my professional and expert opinion, that Arden House Care and Rehabilitation Center fell below the acceptable standards of nursing care as would be reasonably expected of similar health care providers in their care and treatment of Mrs. Sager. They failed to exercise the level of skill, training, experience, competence and clinical judgment as was required by the standard of nursing care in that they failed to

- adequately and timely prevent, assess, plan, implement and evaluate the nursing needs and care of a patient with CHF and chronic renal insufficiency with history of dehydration;

- adequately and timely develop and revise the nursing care plan to effectively reflect the comprehensive needs and standard interventions required to care for the plaintiff;

- adequately and appropriately document a detailed  baseline nursing assessment of the plaintiff upon admission to Arden House.

- appropriately and accurately evaluate, monitor and document measurable assessments of the plaintiff's lower leg edema;

- appropriately and timely communicate the plaintiff's accurate hydration status to the physician when hydration goals were and remained unmet;

- appropriately report the patient's hypotension, dizziness and continued weight loss to the physician;

- appropriately and adequately assess and document the plaintiff's vital signs, neurological signs; complaints of hand pain, nature and details after Mrs. Sager fell, sustaining multiple skin tears after a weight loss of 14 pounds and increased confusion on or near April 07, 2010;

- appropriately or timely change the nursing care plan to reflect the changing clinical status and nursing care needs of the patient;

- timely and appropriately inform the physician of the accurate weight loss of the plaintiff, ultimately resulting in about a 19 lb. weight loss in 30-days;

- appropriately obtain a physician's order to hold the medication Lasix from the patient on or near       April 16, 2010;

- appropriately assess, intervene in, adequately monitor and report Mrs. Sager's signs and symptoms of progressive dehydration potential;

- timely and effectively facilitate the Plaintiff's consultation, as per Dr Chandler on April 1, 2008, related to the one week follow-up after the increase in the plaintiff's Lasix dose or communicate with Dr Chandler regarding her diuresis and hydration status.

I am a active registered nurse who is licensed to practice by the State of Connecticut Department of Health, and I have extensive expertise and experience in skilled nursing care and nursing protocols, as well as the development and implementation of relevant nursing practice standards and policy.

This is a preliminary opinion in this case to satisfy the Good Faith Certificate requirement under Connecticut General Statute § 52-184c. I understand that the Statute provides that this written opinion ". . *shall not be subject to discovery by any party except for questioning the validity of the certificate.*" I understand that a copy of this opinion, with my name and signature expunged, will be attached to the good faith certificate filed with the complaint when and if a lawsuit is filed.

# EXHIBIT 2

## OFFICER'S RETURN

STATE OF CONNECTICUT

                  ss: Hartford,                   July 21,  2010

COUNTY OF HARTFORD

       Then,and thereby virtue hereof, I served the within named defendant, **SunBridge Healthcare Corporation, d/b/a** by leaving a true and attested copy of the original WRIT SUMMONS and COMPLAINT, with its **Agent for Service, Summer Harbec, Corporation Service Company, 50 Weston Street, Hartford, CT,** with my endorsements thereon.

       The within and foregoing is the original WRIT, SUMMONS and COMPLAINT, with my doings hereon endorsed.

                                       ATTEST:

                                         PETER J. PRIVITERA
                                         CT STATE MARSHAL
                                         HARTFORD COUNTY

| | |
|---|---|
| Service Fee | $ 30.00 |
| Copy | 17.00 |
| Endorsements | 2.80 |
| Travel | 8.00 |
| | $ 57.80 |

# EXHIBIT 3

New Search

# SUNBRIDGE HEALTHCARE CORPORATION

SCC Number:              **1416049**
Tax & Revenue Number: **02120089000**
Incorporation Date:      **DECEMBER 07, 1988, in NEW MEXICO**
Corporation Type:        **DOMESTIC PROFIT**
Corporation Status:      **ACTIVE**
Good Standing:           **In GOOD STANDING through 3/15/2012**
Purpose:                 **LONG TERM CARE PROVIDER**

## CORPORATION DATES

Taxable Year End Date: 12/31/09
Filing Date:                02/22/10
Expiration Date:

## SUPPLEMENTAL POST MARK DATES

Supplemental:    02/07/08
Name Change:    06/04/99
Purpose Change:
Agent Resigned:

## MAILING ADDRESS

101 SUN AVENUE NE ALBUQUERQUE , NEW MEXICO 87109

## PRINCIPAL ADDRESS

101 SUN AVENUE NE ALBUQUERQUE NEW MEXICO 87109

## PRINCIPAL ADDRESS (Outside New Mexico)

# REGISTERED AGENT

**CSC OF LEA COUNTY, INC**

1819 NORTH TURNER STREET, SUITE G HOBBS NEW MEXICO 88240

**Agent Designated:** 02/07/08

---

# COOP LICENSE INFORMATION

Number:
Type:
Expiration Year:

---

# OFFICERS

| | |
|---|---|
| President: | **MATHIES, WILLIAM A** |
| Vice President: | **ROLES, JERRY** |
| Secretary: | **BERG, MICHAEL T** |
| Treasurer: | **MONTEVIDEOIG D.** |

---

# DIRECTORS

Date of Election of Directors: 05/15/08

**MATHIES , WILLIAM A**
**ROLES , JERRY**

**EXHIBIT 4**



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth. Corporations Division
One Ashburton Place. 17th floor
Boston, MA 02108-1512
Telephone: (617) 727-9640

HARBORSIDE CONNECTICUT LIMITED PARTNERSHIP Summary Screen   [?]

| Request a Certificate |
| --- |

The exact name of the Domestic Limited Partnership (LP):  HARBORSIDE CONNECTICUT LIMITED PARTNERSHIP

The name was changed from:  HARBORSIDE ACQUISITION LIMITED PA on  10/8/1997

Entity Type:  Domestic Limited Partnership (LP)

Identification Number:  L97586616

Date of Organization in Massachusetts:  08/26/1997

The location of its principal office:
No. and Street:        155 FEDERAL ST.
                       SUITE 1100
City or Town:          BOSTON        State: MA        Zip: 02110        Country: USA

If the business entity is organized wholly to do business outside Massachusetts, the location of that office:
No. and Street:
City or Town:                        State:          Zip:          Country:

The name and address of the Resident Agent:
Name:                  CORPORATION SERVICE COMPANY
No. and Street:        84 STATE ST.
City or Town:          BOSTON        State: MA        Zip: 02109        Country: USA

The name and business addresses of each General Partner:

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address. City or Town. State, Zip Code |
| --- | --- | --- |
| GENERAL PARTNER | HARBORSIDE HEALTH I, LLC | 101 SUN AVE. NE<br>ALBUQUERQUE, NM 87109 USA |

___ Consent       ___ Manufacturer       ___ Confidential Data       ___ Does Not Require Annual Report

___ Partnership   ___ Resident Agent     ___ For Profit              Merger Allowed

Select a type of filing from below to view this business entity filings:

ALL FILINGS
Amendments to Limited Partnership Certificate
Annual Report
Articles of Entity Conversion
Certificate of Cancellation

View Filings          New Search

Comments

© 2001 - 2010 Commonwealth of Massachusetts
All Rights Reserved

Help